PER CURIAM.
The defendant walked _ onto a parcel of property that had a fence around it •with an open gate where trucks can enter. The defendant walked through the gate and picked up a plastic bag that contained several rolls of toilet paper. Thereafter, after being noticed by several employees of the company that owned the yard, the defendant dropped the bag and walked out of the gate. The defendant was then apprehended and detained by a security guard employed by the company that owned the yard.
The defendant was charged by an Information with the offenses of Burglary of an Occupied Structure and Petit Theft. The case proceeded to jury trial and the jury found the defendant guilty of the offenses charged. The trial court adjudicated the defendant guilty and sentenced the defendant to 40 years in the state prison in connection with the charge of Burglary of an Occupied Structure.[1]
Section 810.011(1) of the Florida Statutes defines “structure” as meaning:
... a budding of any kind, either temporary or permanent, which has a roof over it, together with the curtilage thereof.
An exhaustive examination of the trial transcript, filed with the record in this case, reveals a total absence of any testimony that would indicate, let alone prove, that there was a structure as defined above, located within the fence of the property in question[2]
Accordingly, while the jury in this case was presented with substantial competent evidence to support the charge of Petit Theft, the prosecution’s ease did not contain a similar quantum of evidence with regard to the charge of Burglary of an Occupied Structure. Consequently, the conviction and sentence entered in connection with the Burglary of an Occupied Structure must be vacated. Furthermore, we remand this case with directions to the trial court to reduce the Burglary of an Occupied Structure conviction to a conviction for Trespass on property other than a structure or conveyance, in violation of Subparagraph 810.09(l)(a)l, Florida Statutes (Supp.1996). In connection therewith, the defendant shall be sentenced accordingly.
Reversed.

. The court suspended the entry of the sentence in connection with the Petit Theft charge.

. The record reflects that the owner of the property in question also owns another large fenced-in parcel of property, containing one or more structures, directly across the street from the property in question. It appears to be undisputed that the two parcels of property are separate and distinct from each other and, in fact, are completely separated by a public road that runs between them.